IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RIKIE N. WILLIAMS,

    *Plaintiff,*

vs.

STAFFMARK INVESTMENT LLC

and

BUSHNELL INC.,

    *Defendants.*

Case No. 21-cv-2456-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiff Rikie N. Williams filed suit against Defendants Staffmark Investment LLC and Bushnell Inc. asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants filed a Motion to Dismiss or, in the Alternative, Stay Action and Compel Arbitration (Doc. 6). The motion is fully briefed. For the reasons stated in more detail below, the Court denies the motion to dismiss and grants the motion to stay and compel arbitration.

    **I.**    **Factual and Procedural Background**

Defendant Staffmark is a national staffing agency, which places workers at customer's worksites. Staffmark made Plaintiff an offer of employment on or about December 10, 2019. The

offer was contingent upon Plaintiff's completion of Staffmark's conditional job offer ("CJO") packet. The CJO was to be completed electronically and included the "Standard Arbitration Agreement, Agreement to Arbitrate Claims and Disputes" ("Arbitration Agreement" or "Agreement"). The Agreement's title, paragraph headings, and the following statements are in bold print: "You understand and agree that arbitration is the only forum for resolving covered claims, and that both you and 'the company' are waiving the right to a trial before a judge or jury in federal or state court in favor of arbitration. . . . THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

To complete the electronic onboarding process of the CJO, Plaintiff had to create a personal password and review and execute an E-Signature Acknowledgement Statement, which provided that his e-signature had the same legal and binding effect as if it were a handwritten signature. Each applicant's personal password is known only to that applicant and must be used to access the forms in the electronic onboarding packet. Plaintiff accessed and electronically signed the Arbitration Agreement during the onboarding process on December 10, 2019.

The Agreement provides that both Staffmark and Plaintiff agree to be bound by its terms, specifically agreeing to arbitrate any covered claims rather than litigating in court. It further states that it is intended to apply to covered claims against Staffmark's customers. The Agreement contains examples of covered claims, including "disputes concerning workplace treatment (e.g., claims for harassment, discrimination, or retaliation) or termination of employment."[1] The Agreement states that it is governed by the Federal Arbitration Act ("FAA") and contains a delegation clause, stating "[t]he arbitrator will have exclusive authority relating to the

---

[1] Doc. 13-1, Arbitration Agreement, ¶ 1.

interpretation, applicability, enforceability or formation of the arbitration agreement."[2] In addition, the Agreement provides that "the arbitration proceedings will be governed by the applicable rules and procedures of the Employment Arbitration Rules and Mediation Procedures of the AAA ('AAA Rules')."[3]

Defendant Bushnell is a customer of Staffmark. In July of 2020, Plaintiff was placed by Staffmark on assignment at Bushnell. Plaintiff's job at Bushnell was a warehouse associate in Olathe, Kansas. Plaintiff filed suit on October 6, 2021, alleging race discrimination and retaliation occurring between September of 2020 and January of 2021 while he was employed by Defendants at the Bushnell warehouse.

Defendants filed a Motion to Dismiss or, in the Alternative, Stay the Action and Compel Arbitration. Defendants attached the Arbitration Agreement with Plaintiff.

## II.     Legal Standard

Arbitration is a matter of contract, and a party must arbitrate only those disputes that they have agreed to submit to arbitration.[4] If a contract contains an arbitration provision, there is a presumption of arbitrability.[5] Whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.[6] Whether there is an enforceable arbitration agreement is a matter of state contract law to be decided by the

---

[2] *Id*. at ¶ 8.

[3] *Id*. at ¶ 7.

[4] *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648 (1986); *WIHO, L.L.C. v. Hubbauer*, 2013 WL 3756547, at *1 (D. Kan. 2013) (citation omitted).

[5] *AT&T Techs.*, 475 U.S. at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004).

[6] *AT&T Techs.*, 475 U.S. at 649; *Gratzer*, 316 F. Supp. 2d at 1103.

court.[7]  A defendant seeking to compel arbitration has the initial burden to show enough evidence of an enforceable agreement to arbitrate.[8]  If the defendant meets this burden, the plaintiff must show a genuine issue of material fact as to the validity of the agreement.[9]  Doubts should be resolved in favor of arbitration.[10]

The FAA provides that arbitration agreements are valid and enforceable subject to the same legal grounds for the revocation of any contract.[11]  A federal district court may compel arbitration when it would have jurisdiction in the underlying dispute.[12]  Finally, a court must stay litigation on a matter that the parties have agreed to arbitrate.[13]

### III.   Analysis

Plaintiff raises three arguments in response to Defendants' motion.  The Court addresses the arguments in reverse order.

In his last argument, Plaintiff disputes that an arbitration agreement exists.  He asserts that he has no memory of electronically signing the agreement, he did not knowingly agree to arbitrate or waive his right to a jury trial, and no one explained the arbitration agreement to him.

---

[7] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 777 (10th Cir. 2010). This Court applies Kansas law.

[8] *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012).

[9] *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1263 (D. Kan. 2003).

[10] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1275 (10th Cir. 2010).

[11] 9 U.S.C. § 2.

[12] 9 U.S.C. § 4.

[13] 9 U.S.C. § 3.

When the parties disagree whether an agreement to arbitrate exists, the party moving to compel arbitration bears a burden similar to the one faced by a summary judgment movant – that is, the party trying to compel arbitration must make an initial showing that a valid arbitration agreement exists.[14]  If the moving party carries this burden, the burden then shifts to the non-moving party to show a genuine issue of material fact regarding the parties' agreement.[15]

Here, Defendants have met their burden of making an initial showing that a valid arbitration agreement exists.  Staffmark provided sufficient evidence that Plaintiff knowingly digitally signed the Agreement.[16]  Therefore, the burden shifts to Plaintiff.

Plaintiff's objections do not raise a genuine dispute about the existence of an agreement. Lack of recollection does not invalidate a signed arbitration agreement.[17]  Lack of understanding or failure to read an agreement also does not result in invalidation particularly where, as here, the arbitration provision is clear, emphasized, and unambiguous.[18]  As Defendants point out, Plaintiff has not claimed that he did not electronically sign the agreement or that there was any fraud

---

[14] *Hancock*, 701 F.3d at 1261.

[15] *Id*.

[16] *See* Declaration of Emily Giltner, ¶¶5-29, Doc. 7-1.

[17] *Griffin v. Yellow Transp., Inc.*, 2007 WL 3120419, at *2 (D. Kan. 2007); *Martinez v. Capstone Rest. Grp., LLC*, 2021 WL 1723776, at *3 (D. Colo. 2021) ("Plaintiff's failure to recall executing the arbitration agreement does not raise a genuine dispute of material fact as to the existence of the agreement.").

[18] *Ludwig v. Equitable Life Assurance Soc.*, 978 F. Supp. 1379, 1381-82 (D. Kan. 1997) (finding plaintiff's claim that she did not understand effect of arbitration agreement not objectively reasonable where agreement was simple, four-page document in plain language containing statement that applicants should read the provisions very carefully); *Biglow v. Dell Techs., Inc.*, 2021 WL 1784559, at *4 (D. Kan. 2021) ("In Kansas, each person has a duty to learn the contents of a contract before signing it, and one who signs a contract is bound by its terms regardless of his or her failure to read or understand them."); *Felling v. Hobby Lobby, Inc.*, 2005 WL 928641, at *4 (D. Kan. 2005) ("[A] person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms.") (quoting *Rosenbaum v. Texas Energies, Inc.*, 241 Kan. 295, 736 P.2d 888, 892 (1987)).

involved. The Court finds that a valid arbitration agreement exists between Staffmark and Plaintiff.

Plaintiff also argues that the Agreement is illusory and therefore unenforceable because Staffmark can terminate it and that the Agreement is not applicable to his claims against Bushnell because Bushnell is not a signatory to the Agreement or a subsidiary of Staffmark. These issues are for the arbitrator to decide. The Agreement contains a delegation clause providing, "**Delegation**. The arbitrator will have exclusive authority relating to the interpretation, applicability, enforceability or formation of the arbitration agreement . . .."[19] Further, the Agreement explicitly incorporates AAA Rules. The AAA Rules applicable to employment disputes specifically provide that the arbitrator will decide questions of arbitrability and the validity of the arbitration agreement.[20] A "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement" and "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."[21] If a party "seeks to enforce" a delegation clause, the opposing party must "challenge[ ] the delegation provision specifically"; otherwise, the court "must treat [the delegation clause] as valid" and "enforce it" under the FAA, "leaving any challenge to the validity of the Agreement as a whole for the arbitrator."[22]

---

[19] Doc. 13-1, Arbitration Agreement, ¶8.

[20] Am. Arb. Ass'n, Employment Arbitration Rules and Mediation Procedures R-6, Doc. 7-1, at 22.

[21] *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).

[22] *Id.* at 72; *see also Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020) ("[I]f a party ... fails to specifically challenge a delegation clause ..., then the delegation clause will typically require a court to compel arbitration and allow an arbitrator to determine whether the arbitration contract was indeed valid.").

The Tenth Circuit recently addressed the effect of a delegation clause and the incorporation of arbitration rules on the issue of binding a non-signatory to an arbitration agreement. In *Casa Arena Blanca LLC v. Rainwater*,[23] the plaintiff was a nursing facility attempting to enforce an arbitration agreement against the estate of a deceased former patient where the agreement was signed by the patient's daughter. The arbitration agreement included a delegation clause and incorporated the rules of the Judicial Arbitration and Mediation Service. The Tenth Circuit found that once the district court determined that there was an arbitration agreement and it contained an enforceable delegation clause, the case should have been sent for arbitration.[24] While the district court properly left the estate's unconscionability challenge to the arbitrator, "[t]he district court erred in going on to . . . address the third-party beneficiary issue."[25]

Here, the Court has found that there is an arbitration agreement between Plaintiff and Staffmark. That agreement contains a delegation clause, which Defendants have sought to enforce. Plaintiff's arguments that the Agreement is illusory and should not apply to Bushnell do not specifically challenge the delegation clause. Therefore, based on the delegation provision in the Agreement, the questions of whether the Agreement is illusory and whether it should be enforced against Bushnell as a third-party beneficiary should be decided by the arbitrator, not the Court.[26]

Defendants request dismissal of the case because all issues will be decided by arbitration. In the alternative, Defendants request a stay. In the Tenth Circuit, district courts "are obligated to

---

[23] 2022 WL 839800 (10th Cir. 2022).

[24] *Id*. at *5.

[25] *Id*.

[26] *See id.*

stay litigation upon request of a party, rather than dismiss the action" in accordance with § 3 of the FAA.[27]  This statute specifically provides that a district court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[28]  Thus, the Court is required to stay the proceedings instead of dismissing the case.[29]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Stay Action and Compel Arbitration (Doc. 6) is **DENIED IN PART** and **GRANTED IN PART**.  The Court declines to dismiss the case but instead orders it stayed while the parties submit to arbitration.  Defendants shall file a status report by **September 30, 2022**, advising the Court whether this matter has been resolved or whether arbitration is still pending.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[27] *P1 Grp., Inc. v. Inabensa USA, LLC*, 2014 WL 4261405, at *2 (D. Kan. 2014) (citing *Hill*, 603 F.3d at 771); *see also Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994)).

[28] 9 U.S.C. § 3 (emphasis added).

[29] *See Adair*, 25 F.3d at 955 (noting that if a party requests a stay of the case pending arbitration, the district court must grant it in accordance with 9 U.S.C. § 3).